IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:14-CR-287-LY-1 |
| | § | |
| JOHN DIEGO RUEDAS | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is the petition of the United States Probation Office recommending that the Court revoke Defendant's term of supervised release. The Magistrate Court submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## PROCEDURAL BACKGROUND

Defendant pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On March 30, 2015, Defendant was sentenced to 77 months' imprisonment, followed by three years' supervised release. Defendant's supervision began on October 14, 2020.

On April 15, 2021, the Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision ("Petition"). Dkt. 46. The Probation Office alleged that Defendant violated conditions of release and sought a show-cause hearing as to why Defendant's supervised release should not be revoked. A warrant was issued for Defendant's arrest. Defendant was arrested and ordered temporarily detained at his initial appearance on April 23, 2021.

1

In the Petition, the Probation Officer alleges that Defendant violated the following conditions of release:

> **Violation of Standard Condition No. 7:** "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."
>
> **Violation of Special Condition:** "The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant may be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay."

The Petition alleges that on March 26, 2021, Defendant submitted to a random drug test that returned positive for cannabinoids, amphetamines, and cocaine. The Petition further alleges that Defendant submitted previous positive drug tests for cannabinoids and cocaine, on December 28, 2020, and for cannabinoids and amphetamines, on February 9, 2021. Finally, the Petition alleges that Defendant has failed to comply with the requirement of substance abuse counseling and missed individual sessions on January 18, February 8, and March 9 and 23, 2021.

Defendant waived his right to a preliminary revocation hearing. Dkt. 57. On May 5, 2021, pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the undersigned conducted a final revocation hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. In the interests of justice, the hearing was conducted by video teleconference due to the exigent circumstances created by the COVID-19 pandemic. Both

parties consented to proceed by video teleconference, and Defendant, his attorney, the attorney for the Government, and Defendant's Probation Officer were present throughout the hearing. The Magistrate Judge finds that the video teleconference was sufficient to assess the voluntariness of the proceeding, Defendant's credibility, and his understanding. Defendant consented to proceed before a United States Magistrate Judge and pled "True" to the alleged violations.

## FINDINGS OF THE COURT

1. Defendant violated Standard Condition No. 7 and the Special Condition of his supervised release by his conduct as alleged in the Petition.

2. Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.

3. Defendant waived his right to a preliminary hearing.

4. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

5. Defendant had both a factual and rational understanding of the proceedings against him.

6. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

7. Defendant was sane and mentally competent at the time of these proceedings.

8. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

9. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

11. Defendant waived a reading of the charges against Defendant by the Government.

12. Defendant freely, intelligently, and voluntarily pled "True" to the violations of Standard Condition No. 7 and the Special Condition alleged in the Petition.

13. The Court finds that Defendant violated Standard Condition No. 7 and the Special Condition of his term of supervised release to participate in a program approved by the probation officer for treatment of narcotic addiction, as alleged in the Petition, and that there is a factual basis in support of those findings.

## FACTORS CONSIDERED

The Court has considered the factors set out in Title 18, United States Code § 3583(e), which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:[1]

a. the nature and circumstances of the offense, § 3553 (a)(1);
b. the history and characteristics of Defendant, (a)(1);
c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);
d. the need to protect the public, (a)(2)(C);
e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);
f. the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and
h. the need to provide restitution to any victims of the offense, (a)(7).

## RECOMMENDATIONS

The Magistrate Court has carefully considered all of the arguments of counsel and the evidence presented by the parties and has taken judicial notice of the pre-sentence report, as well as the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office. The undersigned also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Defendant's violation is a Grade C and his criminal history category is VI, resulting in an (advisory) guideline range of 8 to 14 months of imprisonment.

In this case, the Magistrate Court finds most compelling the nature and circumstances of the offense; Defendant's history and characteristics; and the need to provide Defendant with substance abuse counseling in the most effective manner. The Court notes that Defendant recently obtained employment and is expecting a second child in July.

---

[1] The factors in § 3553(a)(2)(A), namely, the seriousness of offense, respect for the law, and just punishment, were not considered by the Court.

In light of the factors set forth above, the undersigned recommends that Defendant's term of supervised release be **CONTINUED**. While on supervised release, Defendant shall not commit another federal, state, or local crime, and he shall comply with all existing Conditions of Release.

### WARNINGS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen-day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Servs.' Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act on it.

**SIGNED** on May 5, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE