IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 1:14-cr-287-LY |
| | § | |
| JOHN DIEGO RUEDAS | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is the petition of the United States Probation Office recommending that the Court revoke Defendant's term of supervised release. Dkt. 64. The undersigned Magistrate Judge submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I. Procedural Background

On March 27, 2015, Defendant John Diego Ruedas was sentenced to seventy-seven months imprisonment, followed by a three-year term of supervised release, for Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Dkt. 34. His supervision commenced on October 14, 2020, and the Probation Office filed the Petition for Warrant or Summons for Offender under Supervision ("Petition") on June 7, 2021. Dkt. 64.

In the Petition, the Probation Office alleges that Mr. Ruedas:

- Failed to submit to a random drug test, as required of his substance abuse counseling, on May 14, 2021;

- Submitted to a random drug test on May 20, 2021 that returned positive for marijuana; and

- Submitted to a random drug test on May 26, 2021 that returned positive for marijuana and methamphetamine.

Dkt. 64 at 2. The Probation Office alleges that Defendant thus violated the following conditions of his Supervised Release:

- **Mandatory Condition No. 7**: "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."

- **Special Condition:** "The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. During treatment, the Defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant may be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay."

*Id*. Mr. Ruedas waived his right to a preliminary revocation hearing. Dkt. 71. A final revocation hearing is set for 2 p.m. on June 28, 2021, before the undersigned Magistrate Judge. Dkt. 75.

## II. Analysis

Pursuant to Fed. R. Crim. P. 32.1(b)(2) and (c), a person may waive a revocation hearing, and a hearing before modifying the conditions of probation or supervised release is not required if: (A) the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so.

On June 24, 2021, the parties submitted an Agreed Recommended Disposition in Final Revocation Proceeding and Waiver of Defendant's Appearance and Waiver of Hearing ("Agreed Recommended Disposition"). Dkt. 77. The Agreed Recommended Disposition states that Mr. Ruedas wishes to plead true to the violations alleged in the Petition. *Id.* at 1. The filing further states that Mr. Ruedas's counsel has reviewed the Petition and the Adjustment Summary prepared by the Probation Office with Mr. Ruedas and advised him of his right to a preliminary and final revocation hearing, including his rights to be physically present, and his rights under Fed. R. Crim. P. 32.1(b)(2) to counsel, to the disclosure of the evidence against him, and to make a statement and present mitigating information. *Id.* at 1-2. The Agreed Recommended Disposition states that, after consultation with counsel, Mr. Ruedas wishes to waive his right to be present at his revocation hearing and also wishes to waive the hearing. *Id.* at 2. The agreed filing further states:

> The parties have conferred in this case and agree that an appropriate resolution of this matter would be to accept Mr. Ruedas's plea of true to the violations alleged in the petition, revoke Mr. Ruedas's term of supervised release, sentence Mr. Ruedas to a period of incarceration of eight months, and find that no supervised release should follow. This disposition is favorable to Mr. Ruedas, as it is a sentence at the low end of the Guidelines, and the Government does not object it.

*Id.*

### III. Findings of the Court

Based on the parties' agreement and the Agreed Recommended Disposition, as well as Mr. Ruedas's plea of "True" to the violations of Mandatory Condition No. 7 and the Special Condition listed above to participate in a substance abuse treatment program, the Court finds that Mr. Ruedas violated conditions of his supervised release by unlawfully using controlled substances and failing to participate in a substance abuse treatment program.

## IV. Recommendations

Based on the agreement of the Government and the Defendant (Dkt. 77), the Court **RECOMMENDS** that Mr. Ruedas's supervised release be **REVOKED** and that he be sentenced to **eight (8) months** incarceration, with no supervised release to follow.

## V. Objections

Because this is an agreed disposition, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act on it.

**SIGNED** on June 25, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE